IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 1:25-cv-10478-ALC

ALAMO TITLE COMPANY,

Plaintiff,

v.

DASOL HOLDINGS, INC.,
CITIBANK N.A., a nominal defendant,
PAYWARD, INC. d/b/a KRAKEN, a nominal
defendant, and PAYWARD INTERACTIVE,
INC., a nominal defendant,

Defendants.

**TEMPORARY RESTRAINING ORDER**

Now before the Court is Plaintiff's second motion under Rule 65 of the Federal Rules of Civil Procedure for a Temporary Restraining Order and for Expedited Discovery. For the reasons set below, the Court **GRANTS** the motion.

On December 18, 2025, this Court determined that Plaintiff demonstrated through its verified complaint that it has a likelihood of success in proving that funds wired by Plaintiff as part of a real estate refinancing transaction were fraudulently diverted by agents, representatives, or associates of Defendant Dasol Holdings, Inc. a/k/a Dasol Holding, Inc. ("Dasol") to a bank account at Defendant Citibank, N.A. ("Truist") ending in 7736 in the name of "Gary V. Olsen dba Dasol Holding, Inc. (the "Citibank Account"); that Plaintiff would suffer immediate and irreparable harm if Dasol and its agents, representatives, and associates were not enjoined from dissipating assets from the Citibank Account obtained through the fraud, and if Citibank was not directed to freeze any accounts into which proceeds from the fraudulent diversion were placed; that the balance of harms favors Plaintiff, as Plaintiff has an interest in the funds and the Citibank

1

Account would be preserved during the pendency of this proceeding; that it is in the public interest to enjoin activity in the Citibank Account to prevent Defendant Dasol's gain from fraudulently diverted funds; and that because notice of these proceedings provided to Dasol prior to the issuance of a temporary restraining order or order granting a preliminary injunction would make it likely that monies may be transferred, hidden or disposed of by Dasol, its agents, representative, or associates, granting this Temporary Restraining Order without notice is appropriate.

In granting Plaintiff's motion in its entirety, the Court therefore ordered that Defendant Citibank, and its agents, employees, and representatives, was and is enjoined from facilitating or allowing any withdrawal, transfer, or disposition of its wired funds presently held in the Citibank account ending in ending in 7736, according to the false wire instructions, held in the name of "Gary V. Olsen dba Dasol Holding, Inc.", which Citibank records state is actually owned in the name of "Dasol Holdings, Inc." (the "Citibank Account"), and any and all accounts into which those funds were transferred, and Citibank is required to maintain the funds in the Citibank Account, and any other accounts at Citibank Bank into which monies from the Citibank Account may have been transferred, until further Order of the Court, unless and until Citibank transfers and returns the funds to Plaintiff in accordance with Plaintiff's wire recall.

Documents produced by Citibank in response to Plaintiff's Expedited Discovery Requests demonstrate that the Citibank Account is held in the name of "Dasol Holdings, Inc.", a Florida limited liability company and that the moneys in the Citibank Account were transferred into an account owned by "Payward Interactive, Inc.", possibly ending in 4527, that is maintained with Defendant, Dart Financial Corporation d/b/a The Dart Bank (the "Payward Account") on December 5, 2025. Defendant, Payward, Inc. d/b/a Kraken is a Delaware corporation that operates the cryptocurrency exchange along with its affiliate, Payward Interactive, Inc., which owns the

2

Payward Account wallets and accounts (the "Payward Account") (Payward, Inc. and Payward Interactive, Inc. are referred to collectively as the "Payward Entities"). On December 5, 2025, Dasol, through its agents, representatives, officers, and employees (the "Dasol Bad Actors") transferred the misappropriated Sale Proceeds out of the Citibank Account into the Payward Account through three separate wire transactions in the respective amounts of $570,890.00, $450,720.00, ad $240,000.

Through Plaintiff's Second Motion for Entry of Temporary Restraining Order and Preliminary Injunction and for Expedited Discovery and its Verified First Amended Complaint, Plaintiff has demonstrated that it has a likelihood of success in proving that funds wired by Plaintiff as part of a real estate sale transaction were fraudulently diverted by the Dasol Bad Actors from the Citibank Account to the Payward Account at Dart and, from there, into accounts and cryptocurrency wallets owned by the Dasol Bad Actors through the Kraken cryptocurrency exchange owned and operated by the Payward Entities; that Plaintiff would suffer immediate and irreparable harm if the owner(s) of the Payward Account and any cryptocurrency wallets and accounts owned by the Dasol Bad Actors with the Payward Entities and any other accounts and cryptocurrency wallets into which the misappropriated funds were transferred, and their agents, representatives, and associates were not enjoined from dissipating assets from the Payward Account and any associated cryptocurrency wallets and other accounts obtained through the fraud, and if the Payward Entities and Dart are not directed to freeze any accounts or cryptocurrency wallets into which proceeds from the fraudulent diversion were placed; that the balance of harms favors Plaintiff, as Plaintiff has an interest in the funds transferred from the Citibank Account to the Payward  Account at Dart and any accounts or cryptocurrency wallets maintained with either or both of the Payward and that those accounts and cryptocurrency wallets would be preserved

during the pendency of this proceeding; that it is in the public interest to enjoin activity in the Payward Account and any accounts or cryptocurrency wallets into which the fraudulently misappropriated funds were transferred or dissipated to prevent the Dasol Bad Actors' gain from fraudulently diverted funds; and that because notice of these proceedings provided to the Dasol Bad Actors prior to the issuance of a temporary restraining order would make it likely that monies may be transferred, hidden or disposed of by the Dasol Bad Actors, granting this Temporary Restraining Order without notice is appropriate.

Having found that the requirements of Rule 65 have been satisfied, the Court therefore orders that Defendants the Payward Entities and Dart and their respective agents, employees, and representatives are enjoined from facilitating or allowing any withdrawal, transfer, trading or disposition of funds presently held in the Payward Account at Dart, and any and all accounts and cryptocurrency wallets into which those funds were transferred, including those maintained or held at or through the Payward Entities, and that the Payward Entities and Dart are required to maintain the funds in the Payward Account, and any other accounts or cryptocurrency wallets into which monies from the Payward Account may have been transferred or dissipated, until further Order of the Court, unless and until the Payward Entities and Dart voluntarily honor the wire recalls issued at Plaintiff's request such that the funds may ultimately be returned to Plaintiff with Plaintiff's consent and without need for further Order of this Court. Further, the Payward Entities and Dart are required to trace any transfers or disbursement of the Sale Proceeds and to identify any and all banks and accounts and cryptocurrency wallets to which any such funds were transferred or disbursed.

It is further ordered that Plaintiff's Second Motion for Expedited Discovery is hereby GRANTED. Plaintiff is granted leave to serve the Payward Entities and Dart with the proposed

4

Requests for Production of Documents attached to its Motion as Exhibits A-C. Defendants Payward, Inc., Payward Interactive, Inc., and Dart Financial Corporation d/b/a The Dart Bank are hereby ORDERED to respond to those discovery requests and to produce any non-privileged documents responsive thereto upon Plaintiff within three (3) days of the date of service.

It is further ORDERED that:

1. The security requirement under Rule 65(c) previously posted by Plaintiff shall remain in place and shall satisfy the requirements of Rule 65(c) with respect to this Order granting Plaintiff's Second Motion;

2. Defendants shall show cause in writing as to why a preliminary injunction should not issue by January 8, 2026, and any reply from Plaintiff will be due by January 10, 2026 ~~The preliminary injunction hearing will be expedited~~;

3. The preliminary injunction hearing will be consolidated with the telephonic hearing currently scheduled for January 12, 2026 at 4 p.m.; ~~a hearing on the merits;~~

4. The Motion and relief are granted ex parte;

5. ~~The consolidated preliminary injunction hearing and hearing on the merits shall be held at a time to be set by the Court; and~~

6. This Temporary Restraining Order shall remain in effect until after the consolidated preliminary injunction hearings ~~and hearing on the merits at a time to be~~ set by the Court.

7. Nothing in this Order shall enjoin Defendants Citibank, N.A., Payward, Inc. d/b/a Kraken, Payward Interactive, Inc., or Dart Financial Corporation d/b/a The Dart Bank from honoring the wire recalls issued and returning the diverted funds to Citibank and/or Plaintiff prior to further Order from this Court. Further, Defendants are hereby ordered to comply with those wire recalls.

Dated: January 2, 2026

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Plaintiff is ordered to serve this Order, Plaintiff's motions, the Summons, and the Verified Complaint on Defendants by 5:00PM on January 3, 2026.